NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

FAZAL DONAIE

Plaintiff,

v.

HOLY CROSS CATHOLIC
CONGREGATION, INC. and ST.
MARY'S CATHOLIC SCHOOL, INC,

Defendants.

Civ. No. 14-0016

**OPINION**

THOMPSON, U.S.D.J.[1]

This matter appears before the Court upon the motion of defendants Holy Cross Catholic Congregation, Inc. and St. Mary's Catholic School, Inc. (collectively "Defendants") to dismiss the complaint of plaintiff Fazal Donaie ("Plaintiff"), on the basis of Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8). Plaintiff has sued Defendants for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), Title VI of the Civil Rights Act of 1964 ("Title VI"), and various related state law claims. (ECF No. 1). Defendants specifically move to dismiss Plaintiff's Title VII and Title VI claims and do not address Plaintiff's other claims individually. (ECF No. 8). However, Defendants also argue that the entire complaint should be dismissed for failure to properly name the defendants. (*Id.*). Plaintiff opposes. (ECF No. 10). The Court has issued the opinion below based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendants'

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

motion will be granted with respect to the Title VI claim and denied with respect to all other claims.

## BACKGROUND

Plaintiff's allegations are as follows: plaintiff was hired by Defendants in 1996 as a custodian and maintenance worker at Holy Cross Catholic Church and St. Mary's Catholic School. For most of his time on the job, Plaintiff received exemplary reviews, from three different priests who supervised his employment. However, a new priest, Father John Juszczak, was then appointed to the Church. Father John immediately took issue with Plaintiff's work, seemingly as a result of Plaintiff's religion and/or national origin. Plaintiff is a practicing Muslim from Guyana. Father John called Plaintiff "one of those people" and made other remarks about Plaintiff's religion. Father John also failed to provide safety equipment, yelled and screamed at Plaintiff, and purposefully made himself unavailable to Plaintiff to make Plaintiff's job more difficult. The failure to provide safety equipment resulted in Plaintiff breaking his hand and needing surgery, requiring two months' off from work. Ultimately, in September 2012, Plaintiff was terminated, purportedly due to Defendants' loss of income because of lack of enrollment at St. Mary's Catholic School. However, Plaintiff was replaced with a Catholic employee, suggesting that the reason for his firing was pretextual.

Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a right-to-sue letter on January 24, 2014. Plaintiff did not receive the letter until February 3, 2014. On May 3, 2014, Plaintiff filed a complaint against Defendants, alleging employment discrimination in violation of Title VII, Title VI, and various related state law claims, including violation of the Virgin Islands Civil Rights Statute, violation of the Virgin Islands Wrongful Discharge Statute, Intentional Infliction of Emotional

2

Distress, Prima Facie Tort, Breach of Contract, and Breach of the Covenant of Good Faith and Fair Dealing.[2] Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendants make three arguments. First, Defendants argue that the Title VII claim fails to state a claim because it is untimely. Second, Defendants argue that the Title VI claim does not state a claim because Defendants do not receive federal funds for the purpose of promoting employment. Defendants do not address the other claims in the complaint individually, so the Court will not evaluate the other claims individually at this time. Third, Defendants argue that the entire complaint should be dismissed because of Plaintiff's failure to properly name the Defendants. This motion is presently before the Court.

## DISCUSSION

A. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must take note of the elements the plaintiff must plead to state a claim. *Id.* (citing *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may

---

[2] Plaintiff also includes a claim for "violation of federal civil rights – religion," but it is unclear which federal civil rights law this claim is referencing. For purposes of this motion, the Court will treat that claim as a restatement of the Title VII claim.

3

disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the facts are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than the mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" instead, the facts must allow a court reasonably to infer that the opposing party is liable for the misconduct alleged. *Id.* at 210, 211 (quoting *Iqbal*, 556 U.S. at 678-79).

B. Analysis

Defendants move to dismiss Plaintiff's complaint under Federal Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants make three arguments. First, Defendants move to dismiss Plaintiff's Title VII claim, alleging that the claim was untimely because the suit was filed more than ninety days after the EEOC granted Plaintiff a right-to-sue letter. Second, Defendants move to dismiss Plaintiff's Title VI claim because they argue that Plaintiff has not shown that the primary objective of the federal financial assistance they receive is to provide employment. Third, Defendants argue that the entire complaint should be dismissed because Plaintiff has failed to properly name the defendants. The Court will address each argument in turn.

First, the Court considers whether Plaintiff has failed to state a claim under Title VII. To state a prima facie case of discrimination under Title VII, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citations omitted).

4

Defendants do not argue that Plaintiff fails to state a prima facie case of discrimination under Title VII. Rather, they argue that Plaintiff's Title VII claim was untimely. Under Title VII, a claim must be filed in federal court within ninety days of the plaintiff's receipt of a right-to-sue letter from the EEOC, unless the plaintiff alleges some equitable reason for disregarding the statutory requirement. *See* 42 U.S.C. § 2000e-5(f)(1); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001); *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986). Plaintiff alleges in his complaint that he received the EEOC's right-to-sue letter on February 3, 2014, ten days after the letter was sent. (Compl. ¶ 11, ECF No. 1). Defendants argue that this claim is a legal conclusion that may be disregarded by the Court. (Defs.' Br. 4, ECF No. 8). Defendants claim that under Third Circuit precedent, the Court should instead presume that the right-to-sue letter was received three days after it was sent, on January 27, 2014. (*Id.* (citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d. Cir. 1999)). Applying this presumption would make the filing of the Title VII claim on May 3, 2014 more than ninety days after the receipt of the letter and thus, untimely. (*Id.*).

The Court declines to adopt the three-day presumption at this time. The date of Plaintiff's receipt of the right-to-sue letter is a factual matter. Therefore, at this stage of the litigation, the Court must accept this allegation as true. The Title VII claim was filed on May 3, 2014, within ninety days of the alleged receipt of the right-to-sue letter on February 3, 2014. (*See* Compl.). Construing the complaint in the light most favorable to Plaintiff, the filing of the Title VII claim was not untimely. Therefore, Plaintiff's Title VII claim will not be dismissed.

Second, the Court considers whether Plaintiff has failed to state a claim under Title VI. Title VI provides in pertinent part that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be

subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI's prohibition on discrimination extends to discrimination in employment by programs or activities that receive federal funding; however, covered entities can only be sued for employment discrimination "where a primary objective of the Federal financial assistance [to that program or activity] is to provide employment." 42 U.S.C. § 2000d-3. To establish a prima facie Title VI violation, therefore, the plaintiff must plead (1) that there is racial or national origin discrimination and (2) that the entity engaging in discrimination is receiving federal financial assistance for the purpose of providing employment. *See New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, No. 09-0683, 2010 WL 2674565, at *15 (D.N.J. June 30, 2010); 42 U.S.C. § 2000d-3.

To state a claim under Title VI, Plaintiff would need to allege that one of the primary objectives of the federal funds received by Defendants is providing employment. Here, there is no allegation regarding the purposes behind any federal funding that Defendants may receive. While Plaintiff does allege that "[a]t all relevant times, Defendants were recipients of federal funds under Title VI of the Civil Rights Act of 1964," (Compl. ¶ 4), this claim constitutes a legal conclusion that the Court may disregard. As Plaintiff has failed to allege the purpose behind the funding received by Defendants, he has failed to state a claim under Title VI. *See, e.g., Alja-Iz v. United States Virgin Islands Dep't of Educ.*, No. 14-0043, 2015 WL 1529901, at *5-6 (D.V.I. Mar. 31, 2015), *aff'd sub nom. Alja-Iz v. U.S. Virgin Islands Bd. of Educ.*, No. 15-2006, 2015 WL 5062119 (3d Cir. Aug. 28, 2015) (dismissing Title VI employment discrimination claim where plaintiff failed to allege the purpose behind the funding); *Abramsen v. Johanns*, No. 07-0031, 2010 WL 1576593, at *7 (D.V.I. Apr. 16, 2010) (denying motion for leave to amend complaint to add Title VI claim where the objective of the funding was to disseminate

6

agricultural information, not to provide employment). Therefore, Plaintiff's Title VI claim will be dismissed without prejudice.

Third, the Court considers whether the entire complaint should be dismissed because of the improper naming of the defendants. Defendants state that the complaint should have named as defendants "Holy Cross Catholic Church, Inc." and "St Mary's Catholic, Inc." rather than "Holy Cross Catholic Church" and "St. Mary's Catholic School." (Defs.' Br. 5).[3] The Court finds that the issue of the improperly named defendants is moot, and in any case, would not be immediate cause for dismissal. After Defendants filed their motion to dismiss, Plaintiff filed a motion to substitute real parties in interest, by substituting the proper names of Defendants for the initial misnomers. (ECF No. 11). This motion was granted by the Court on October 9, 2014. (ECF No. 13). Therefore, this issue has been resolved. Regardless, the ordinary first course of action when a party has been misnamed would be to allow the plaintiff the opportunity to amend the complaint to correct the mistake, so long as the defendants had notice of the action. *See, e.g.*, Fed. R. Civ. Pro. 15(c)(1)(C); *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986) ("Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permit imputation of notice to a subsequently named and sufficiently related party."). Here, Defendants do not allege that they did not receive timely notice of the filing of the complaint, so the complaint will not be dismissed on this basis.

---

[3] Because Defendants use several names to describe the school, including "St. Mary's High School, Inc.," "St. Mary's School, Inc.," and "St. Mary's Catholic, Inc.," it is still unclear what the official name of this defendant is.

7

## CONCLUSION

For the above reasons, Defendants' motion to dismiss will be granted with respect to the Title VI claim and denied as to all other claims. A corresponding order follows.

*[signature]*
Anne E. Thompson, U.S.D.J.